**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOAN AND JOHN CLELLAN,** | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:10-CV-170** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | **Magistrate Judge King** |
| **FRANKLIN COUNTY SHERIFF** | : | |
| **JAMES KARNES, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER AND OPINION

## I. INTRODUCTION

This matter is before the Court on Defendants Franklin County Sheriff James Karnes ("Karnes") and Deputies Felkner ("Felkner") and Montgomery ("Montgomery") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12 (c). (Doc.15). For the reasons stated below, Defendants Motion for Judgment on the Pleadings is **GRANTED**.


## II. BACKGROUND

In their Complaint filed on February 4, 2010 and removed from the Franklin County Court of Common Pleas to this Court on February 24, 2010, the Clellans allege that two unknown Franklin County deputy sheriffs acted in concert and under the color of law with the mutual purpose, objective, and knowledge to deprive them of their rights, privileges, and immunities guaranteed by the United States Constitution. The Clellans also bring state law claims for false arrest, intentional infliction of emotional distress, and assault and battery. (Doc. 20-21).

The Clellans allege that on February 4, 2009 Robert Litchfield and Karen Devine-Riley threatened them with bodily harm. In response to this incident, the Clellans called the Franklin County Sheriff's Department dispatcher. The Clellans then allege that at some point they were threatened, physically assaulted, and arrested on their property without cause by two unnamed Franklin County deputy sheriffs. As a result of this incident, they seek compensatory damages in the amount of $500,000, punitive damages in the amount of $500,000, attorneys' fees, costs, and other relief the Court deems just and equitable.

On March 9, 2010, Defendants Karnes, Felkner, and Montgomery filed an Answer to the Clellans' Complaint. On September 24, 2010, the Defendants filed a Motion for Judgment on the Pleadings. (Doc. 15). The Plaintiffs did not file a response to this Motion. This matter is currently before the Court.

### III. LEGAL STANDARD

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party,

accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp., Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 127 S. Ct. at 1964. A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S at 556). A Rule 12(c) motion is granted only if there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd.*, 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004).

## IV. LAW AND ANALYSIS

The Plaintiffs have brought claims against the Defendants in their personal and official capacities pursuant to 42 U.S.C. §1983.[1] In their Motion for Judgment on the Pleadings, the Defendants argue that the Plaintiffs have not sufficiently pled that any of the three Defendants committed a constitutional violation against them in either their official or personal capacities and thus their claim should be dismissed.(Doc. 15, p.5).

Because a suit against an agent of a government is actually a suit against the government itself, a claim against someone in his or her official capacity must prove that the official was acting pursuant to an entity's policy, custom, or procedure. *Kentucky v. Graham*, 473 U.S. 159 (1985). In this case, the Plaintiffs assert that Karnes committed a constitutional violation because he "[t]ook no action to deter or prevent" Felkner and Montgomery from engaging in the alleged illegal conduct. The Plaintiffs, however, have identified no policy, custom, or procedure that Karnes was following when choosing not to interfere with the deputies' alleged action. Thus, pursuant to *Graham*, the Plaintiffs do not plead facts in their Complaint sufficient to find that Karnes committed a constitutional violation. Similarly, while the Plaintiffs claim that Felkner and Montgomery "[e]ngaged in a pattern, practice, and custom of which acts herein complained were a part" when entering their property and allegedly violating their constitutional rights, they present no factual allegations to support this assertion. (Complaint, p. 4). Even though *Twombly* does not require detailed allegations at the pleadings stage, legal conclusions without any factual

---

[1]In their Complaint, Plaintiffs also cite that they bring the action under 28 U.S.C. §§ 1981 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments. This Court finds that these additional cited statutes and constitutional amendments actually fall under a larger § 1983 claim so this 12(c) motion will be analyzed solely using the elements of the §1983 claim. The Plaintiff's Complaint also cites Judicial Code 28 U.S.C. §1331 and 1343(3 as a basis of their claim), but these are  jurisdictional statutes the Defendants do not dispute.

support do not meet the standard necessary to overcome a 12(b)(6) motion, which is the applicable standard for this 12(c) motion. Thus, the Plaintiffs in this case fail to make a showing that any of the three Defendants, all of whom are agents of Franklin County, was acting pursuant to a County policy, custom, procedure when the alleged constitutional violations occurred; therefore, their suit against all three Defendants in their official capacities fails.

The Plaintiffs also bring suit against each of the three Defendants in their personal capacities. To establish personal liability in a 42 U.S.C. §1983 action, the plaintiff must demonstrate that an official, acting under the color of state law, caused the deprivation of a federal right, which is a lower standard than must be met to find someone has committed a constitutional violation in an official capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985) The Plaintiffs allege that they suffered assault and battery, an intentional infliction of emotional distress, and were falsely arrested. For none of these claims, however, do the Plaintiffs suggest Karnes played a direct role in committing the offense. The Plaintiffs also do not mention that Karnes directed or encouraged the incidents of misconduct they allege Felkner and Montgomery committed. The Sixth Circuit has found that without such a showing, a supervisor cannot be held personally liable for a 42 U.S.C. §1983 violation subordinates commit. *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76 (6th Cir. 1995). Though the Plaintiffs claim the other two Defendants were "under the direct supervision of their superiors, including Defendant Sheriff Jim Karnes," they plead no facts which demonstrate that this was in fact the case and that such supervision involved encouraging the deputies to commit constitutional violations. Thus, because the Plaintiffs have not pled facts that indicate Karnes either encouraged the deputies to commit the

alleged unconstitutional action or was directly involved in committing such action himself, their claim against him in his personal capacity fails.

The Plaintiffs also bring a claim against Felkner and Montgomery in their personal capacities and thus must establish that the deputies caused the deprivation of a federal right while taking action under the color of state law. *Kentucky v. Graham*, 473 U.S. 159 (1985). Nothing in the Complaint, however, indicates that Felkner and Montgomery were even present when the Plaintiffs claim the constitutional violation occurred. Concluding that either of the deputies committed a constitutional violation against the Clellans, therefore, would require this Court to speculate to a degree that *Twombly* prohibits. Thus, the Plaintiffs' claim against Felkner and Montgomery in their personal capacities is also dismissed.


## V. CONCLUSION

For the reasons set forth above, the Defendants Motion for Judgment on the Pleadings is **GRANTED**. Sheriff Karnes and Deputies Felkner and Montgomery are therefore **DISMISSED** as Defendants. Because only unnamed deputies remain on the Complaint, this case is **DISMISSED**.

**IT IS SO ORDERED.**


    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**


**Dated: January 25, 2011**